# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EDWARD P. KERNER,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-4324-11-0568-C-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>　　　　　Agency. | DATE: May 28, 2015 |

Glenn L. Smith, Esquire, Grand Rapids, Michigan, for the appellant.

Teresa M. Garrity, Esquire, Fort Snelling, Minnesota, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER[1]

¶1　　　This matter is before the Board on the appellant's petition for review of the compliance initial decision, which found the agency in compliance with the Board's Final Order. For the reasons set forth below, we GRANT the appellant's petition for review and AFFIRM the compliance initial decision IN PART, AS MODIFIED herein, finding the agency in compliance with the portion of the Board's order regarding reconstructing the hiring process at the GS-7 and GS-9 levels. We REVERSE the compliance initial decision IN PART, finding that the

---

[1] This Order is nonprecedential. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency is not in compliance with the portion of the Board's order regarding reconstructing the hiring process at the GS-11 level. We ORDER the agency to reassess the appellant's qualifications for the Criminal Investigator positions it filled at the GS-11 level.

## BACKGROUND

¶2    In reversing the initial decision denying the appellant corrective action in his Veterans Employment Opportunities Act (VEOA) appeal, the Board found that the agency violated his veterans' preference rights under 38 U.S.C. § 4214 when it failed to consider him as a Veterans' Recruitment Appointment (VRA) candidate for twenty-two Criminal Investigator positions it filled under Vacancy Announcement RN-11-397309-JH and others. *Kerner v. Department of the Interior*, MSPB Docket No. CH-4324-11-0568-I-1, Final Order at 4-7 (Aug. 15, 2013). Regarding the appropriate relief, however, the Board found that it was unable to determine if the appellant had suffered a loss of wages or benefits as a result of the agency's violation because the record did not show whether the agency would have conferred a VRA or if the appellant was qualified for any of the positions. *Id.* at 6. Accordingly, the Board determined that the appropriate remedy was to order the agency to consider the appellant for a VRA to each of the twenty-two Criminal Investigator positions; if the agency would have conferred a VRA but for its erroneous VRA eligibility determination, to evaluate the appellant's qualifications for the Criminal Investigator positions up to the GS-11 level; and, if the agency determined that it would have conferred a VRA and that the appellant was qualified for any of the positions, to reconstruct the hiring process for the twenty-two Criminal Investigator positions. *Id.* at 6-7.

¶3    During the compliance proceeding, the agency acknowledged that it would have conferred a VRA but argued that it did not consider the appellant for the Criminal Investigator positions at the GS-11 level because he did not meet the requirements. Compliance Appeal File (CAF), Tab 19 at 7. As to the positions at

the GS-7 and GS-9 levels for which he was deemed qualified, the agency argued that it had completed reconstruction of the hiring process prior to issuance of the Board's order, when it learned of its error in preparing the certificates, but that the rating panel did not recommend that the appellant receive an interview. *Id.*, Tab 15 at 5, 7. Even so, the agency explained, the selecting official reviewed the appellant's experience and qualifications but determined not to exercise his discretion to interview or noncompetitively select him for a GS-7 or GS-9 position. *Id.*, Tab 11 at 9. In response, the appellant challenged the agency's assertion that it properly considered him not qualified for the positions filled at the GS-11 level and that it properly reconstructed the hiring process for the positions filled at the GS-7 and GS-9 levels. *Id.*, Tabs 12, 20.

¶4 In her compliance initial decision, the administrative judge first found, concerning the positions filled at the GS-11 level, that the agency deemed the appellant not qualified because his qualifications and education showed that, when he submitted his application, he did not possess a college degree or a master's degree and did not have actual experience or education in the fish or wildlife area comparable to the selected candidates or experience in complex felony cases. *Id.*, Tab 22, Compliance Initial Decision (CID) at 4-5. As to the GS-7 and GS-9 positions for which the appellant was deemed qualified, the administrative judge found that the agency reconstructed the selection process in August 2011, albeit after the hearing was held in the appellant's initial appeal, but that, because his scores were lower than those of any of the selected candidates, it determined that he did not merit an interview. CID at 5-7. The administrative judge found that nothing was unreasonable or improper in these determinations and that the agency was in compliance with the Board's order, CID at 7-8, and she therefore denied the appellant's petition for enforcement, CID at 1, 8.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3, to which the agency has responded in opposition, *id.*, Tab 8.[2]

## ANALYSIS

The agency is in compliance with the Board's order regarding reconstruction of the selection process for the positions filled at the GS-7 and GS-9 levels.

¶6    We first address the appellant's claim that the administrative judge erred in finding that the agency properly reconstructed the hiring process for the Criminal Investigator positions filled at the GS-7 and GS-9 levels. PFR File, Tab 3 at 11-12. As noted, the agency concedes that the appellant meets the minimum qualifications for these positions. CAF, Tab 19 at 7. The administrative judge accepted the agency's claim that, of its own accord, it reconstructed the hiring process for these positions while the appellant's original appeal was pending when it learned of its error in not placing the appellant's name on a VRA certificate. CID at 6. The agency explained that it forwarded the appellant's application to the same GS-7 and GS-9 rating panels and directed them to review his qualifications against the crediting plan criteria and that, after they did so, they found that the appellant did not merit an interview because he ranked lower than any of the twenty-two selectees. CAF, Tab 10 at 7-9. The administrative judge agreed with the agency's assertion that the appellant was not disadvantaged because, at the time of the voluntary reconstruction, at least some of the Criminal

---

[2] The agency's response to the appellant's petition for review was due to be filed on or before July 13, 2014. PFR File, Tab 4. Because that day was a Sunday, the agency's response was due 1 business day later, on July 14, 2014. 5 C.F.R. § 1201.23. On July 15, 2014, the agency filed a request for an extension of time in which to file its response. PFR File, Tab 5. The Clerk of the Board denied the agency's request because it was not filed prior to the date for the filing of its response to the appellant's petition for review. *Id.*, Tab 6. The following day, the agency's representative submitted a sworn declaration in which she described being hampered by technical difficulties involving her computer which, she claimed, obstructed her ability to meet filing deadlines. *Id.*, Tab 7. She did not explain, however, why she did not timely submit her request for an extension. *See* 5 C.F.R. § 1201.114(g). Therefore, we have not considered the agency's response to the appellant's petition for review.

Investigator positions at these grade levels remained vacant, and those individuals who were selected were attending training and so were not yet in their positions. CID at 7.

¶7    The appellant challenges the agency's reconstruction process because the agency acknowledges that, in reconstructing the hiring process, it did not remove the selectees from their positions. CAF, Tab 15. Citing the Board's decisions in *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶ 14 (2013), and *Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶¶ 15-19 (2010), the appellant argues that the agency's actions were insufficient because an actual selection process based on the same circumstances includes removing the improperly appointed incumbents from the positions at issue. PFR File, Tab 3 at 11-12.

¶8    In *Phillips*, the Board examined the agency's reconstructed selection process and found that, in addition to the fact that the agency did not remove the original selectees from the positions at issue, the members of the reconstructed selection board were not the original selection board members, and it was not clear how many positions had been filled. *Phillips*, 114 M.S.P.R. 19, ¶¶ 15, 18-19. The Board concluded that the reconstructed selection process was hypothetical and that the agency therefore violated the appellant's right to compete under merit promotion procedures. *Id.*, ¶ 17.

¶9    In examining the agency's reconstructed process in *Washburn*, the Board found that, on the record before it, it was unable to determine how many vacancies were filled pursuant to the announcement at issue, whether a priority placement candidate was ever actually appointed, or whether the appellant was competing against the same pool of candidates with whom he would have competed had the agency not improperly found him ineligible prior to opening the vacancy to external candidates. *Washburn*, 119 M.S.P.R. 265, ¶ 14. Concluding that the appeal might be moot in light of the agency's reconstructed selection process, the Board remanded the appeal, directing the administrative judge to

require the agency to submit evidence sufficient to explain the history of the vacancy announcement so that he could determine what actually happened. *Id.*, ¶¶ 14-15.

¶10     We find that the case at bar is more factually similar to *Wheeler v. Department of Defense*, 113 M.S.P.R. 376, ¶ 10 (2010).  There, as here, the agency reconstructed the selection process while the appellant's VEOA appeal was pending.  The agency submitted evidence that the selecting official requested that the original selection panel members reconvene to evaluate the appellant as part of the reconstructed selection process and that the appellant's application was evaluated by the same panel members using the same criteria as in the original evaluation of candidates, although his name was not included on the list of candidates referred to the selecting official because his score was too low. *Id.*, ¶ 16.  The Board found that the agency did not err in its reconstructed selection process and that it did not violate the appellant's right to compete. *Id.*, ¶¶ 16, 18.

¶11     Here, unlike *Phillips* and *Washburn*, the agency's reconstructed selection process occurred while there were still vacancies available.  Moreover, as in Wheeler, the agency forwarded the appellant's application to the same rating panels and directed them to review his qualifications against the same rating plan criteria as in the original selection process.  It appears that the appellant would have been selected had he scored higher than any of the selectees.  CAF, Tab 10 at 74-106, 114-20.  Because there is no indication that this process was hypothetical, he obtained all the relief to which he was entitled under VEOA.[3] Under these circumstances, no purpose would be served by requiring the agency to remove the selectees and to repeat the selection process.   We therefore find, under the circumstances of this case, that, as to the reconstructed process for the

---

[3] Unlike *Wheeler*, *Phillips*, and *Washburn*, the instant matter was not a "right to compete" VEOA appeal under 5 U.S.C. § 3304(f).  Rather, the Board previously held that the agency had violated the appellant's veterans' preference rights under 38 U.S.C. § 4214.  *Kerner*, MSPB Docket No. CH-4324-11-0568-I-1, Final Order at 4-7 & n.8. We do not find this difference relevant to our analysis herein.

positions filled at the GS-7 and GS-9 levels, the agency demonstrated compliance with the Board's Final Order.

The agency has failed to comply with the Board's order regarding reconstruction of the selection process for the positions filled at the GS-11 level.

¶12    We now address the appellant's challenge to the administrative judge's finding that the agency properly found him not qualified for the positions filled at the GS-11 level. The appellant claims that the agency should not have been allowed to find him ineligible before reconstructing the selection process. PFR File, Tab 3 at 8-10. As noted, however, in its Final Order, the Board specifically determined that the appropriate remedy for the agency's violation was for the agency to evaluate the appellant's qualifications for the Criminal Investigator positions up to the GS-11 level and, if he were found qualified, to reconstruct the hiring process. *Kerner*, MSPB Docket No. CH-4324-11-0568-I-1, Final Order at 6-7. Under the law of the case doctrine, a tribunal will not reconsider issues that have already been decided in an appeal unless there is new and material evidence adduced at a subsequent trial, controlling authority has made a contrary decision of law, or the prior decision was clearly erroneous and would work a manifest injustice. *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 7 (2014). None of these factors is present in this situation, and we therefore find that the Board's determination as to the general manner in which the agency was to decide whether the appellant suffered a loss of wages or benefits because of the agency's violation of his rights under VEOA is the law of the case and not subject to further review. *O'Connell v. Department of the Navy*, 73 M.S.P.R. 235, 240 (1997).

¶13    Our finding above, however, does not preclude the appellant from challenging the specific determinations that the agency made in his case. For example, in arguing that the administrative judge erred in finding that the agency properly determined that he was not qualified for the Criminal Investigator positions filled at the GS-11 level, the appellant alleges that the agency should

have considered work he performed as an independent contractor of the State Department and the Department of Defense. PFR File, Tab 3 at 10. While a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board in a VEOA appeal. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 9 (2014). The Board's role is limited to assessing whether an agency considered all of an appellant's valuable experience, which is material to the position for which he has applied, and this assessment does not include a review of the weight the agency gave to the appellant's prior experiences in determining that he was not qualified for a position. *Id.*, ¶¶ 9, 12. Here, the agency submitted an affidavit by the Human Resources Specialist who reviewed the applications. CAF, Tab 19 at 5-7. She declared that she considered all of the appellant's work experience, including the years he spent from 2003 to 2010 as a Protective Security Specialist while apparently on contract to the Department of State and Department of Defense. *Id.* at 6. We find, therefore, that the agency properly considered the appellant's experience.

¶14     Notwithstanding this finding and our limited review, we discern another issue that merits consideration regarding the administrative judge's finding that the agency properly found the appellant not qualified for the Criminal Investigator positions filled at the GS-11 level. CID at 7-8. In explaining why she found the appellant not qualified at that level, the Human Resources Specialist declared that the appellant did not have experience in "independently investigating [specifically listed types of] complex criminal cases requiring the use of recognized investigative techniques, interviews, interrogations, and/or surveillance; preparing investigative reports and/or information to present to the US Attorney's office." CAF, Tab 19 at 7. While this language comes directly from the vacancy announcement for the Criminal Investigator positions, *Kerner*, MSPB Docket No. CH-4324-11-0568-I-1, Initial Appeal File, Tab 21 at 112-18, it

describes experience that an individual must have to qualify at the GS-12 grade level. *Id.* at 114. As the Board noted in its Final Order in the appellant's initial appeal, 38 U.S.C. § 4214(b)(1)(A) provides that a VRA may be made up to and including the GS-11 level or its equivalent. *Kerner*, MSPB Docket No. CH-4324-11-0568-I-1, Final Order at 7 n.11. Thus, even though the appellant applied for the Criminal Investigator positions at grades GS-7 through GS-12, IAF, Tab 21 at 121, the agency could not consider him for a VRA to the position at the GS-12 level. *See* 5 C.F.R. § 307.103. It appears, however, that, in considering the appellant for the positions filled at the GS-11 level, the agency relied upon the qualifications for the position at the GS-12 level and, in so doing, demonstrated its noncompliance with the Board's Final Order.

¶15    Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision[4] and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

---

[4] The subsequent decision may incorporate the analysis and findings set forth in this Order.

## ORDER

¶16     We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance.  This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance.  The agency's submission shall demonstrate that it properly determined whether the appellant is qualified for the Criminal Investigator position at the GS-11 level based on the written qualifications for the GS-11 position,[5] and, if he is, the agency shall reconstruct the hiring process for positions filled at that level.  The agency must serve all parties with copies of its submission.

¶17     **The Board will assign a new docket number to this matter, CH-4324-11-0568-X-1.**  All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C.  20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶18     The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission.  5 C.F.R. § 1201.183(a)(8).  If the appellant does not respond to the agency's evidence of

---

[5] We note the appellant's challenge to the way in which the panel evaluated the extent of his education in determining that he was not qualified for positions filled at the GS-11 level.  PFR File, Tab 3 at 12.  To the extent that the administrative judge and the agency considered certain perceived shortcomings in the appellant's education in determining that he was not qualified at the GS-11 level, we note that 38 U.S.C. § 4214(b)(1)(B) prohibits the consideration of the number of years of a veteran's education in assessing his qualifications for a VRA under 5 C.F.R. Part 307.  *Miller*, 121 M.S.P.R. 88, ¶¶ 16-18.  Therefore, the agency shall not consider the number of years of the appellant's education in considering his qualifications for the GS-11 level.

compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶19      The agency is reminded that if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case.  5 C.F.R. § 1201.183(a).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with."  5 U.S.C. § 1204(e)(2)(A).

¶20      This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.